**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RED RIVER FIBER OPTIC CORP., §<br>    Plaintiff, §<br> §<br>v. §<br> § CIVIL ACTION NO. 2:08-CV-215-TJW-CE<br>VERIZON SERVICES CORP., VERIZON §<br>BUSINESS NETWORK SERVICES INC., §<br>VERIZON ENTERPRISE DELIVERY LLC, §<br>AT&T CORP., QWEST CORP., AND §<br>QWEST COMMUNICATIONS CORP., §<br> <br>    Defendants. | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Verizon Services Corp., Verizon Business Network Services Inc., Verizon Enterprise Delivery (collectively "Verizon"), Qwest Corp., Qwest Communications Corp. (collectively "Qwest"), AT&T Corp. ("AT&T") (collectively "Defendants") Motion to Transfer Venue to the United States District Court for the Northern District of Texas, Dallas Division. [Dkt. No. 91]   Defendants request that this case be transferred pursuant to 28 U.S.C. § 1404(a).  After careful consideration of the parties' written submissions, Defendants' motion is DENIED for the reasons set forth in this opinion.

**I.    Background**

Plaintiff Red River Fiber Optic Corp. ("Red River") brings this suit alleging that Defendants infringe U.S. Patent No. 5,555,478 ("the '478 patent").  Red River is a Texas corporation with a principal place of business in Marshall, Texas.  Verizon is a Delaware corporation with principal places of business in Virginia; Arlington, Texas; and Irving, Texas.  Qwest is a Delaware corporation with its principal place of business in Colorado.  AT&T is a New York corporation

with a principal place of business in New Jersey.

## II.  Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying *Volkswagen II* to rulings on transfer motions out of this circuit).  The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply when deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The Fifth Circuit ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than forum non conveniens dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal."  *Id.* at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).  The Court held that the party seeking a transfer must show good cause why a court should not defer to the plaintiff's choice of forum.  *Id.* at 315.  Under the good cause standard, "when the transferee venue is not clearly more convenient, the plaintiff's choice should be respected."  *Id.*

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those used for forum non conveniens dismissals, which include both public and private

interest factors.  *Id.* at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, Inc., 321 F.2d 53, 56 (5th Cir. 1963)).  The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")).  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Volkswagen II*, 545 F.3d at 315.  These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight.  *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

    **A.  Private Interest Factors**

        **a. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses**

The Court first considers the convenience of the witnesses and parties.  In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled."  371 F.3d at 204–5.  Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its "central location . . . in the absence of witnesses within the plaintiff's choice of venue."  *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).  The court "should assess the relevance and materiality of the information the

3

witness may provide," not the "significance of the identified witnesses' testimony." *Id.* at 1343–44.

The Northern District of Texas, Dallas Division is approximately 150 miles from Marshall, Texas. Qwest is in Denver, Colorado, which is about 150 miles further from Marshall than from Dallas. AT&T is in Bedminster, New Jersey, which is about 130 miles closer to Marshall than to Dallas; however, the availability of direct flights may make Dallas more convenient. The Court is of the opinion that Dallas is more convenient to the parties than Marshall. Therefore, as to the parties, this factor weighs in favor of transfer.[1]

The non-party witnesses are scattered throughout North America and Europe. None appear to be within 100 miles of either venue. Neither venue is appreciably more convenient to the non-party witnesses. The party witnesses are scattered throughout the United States. Qwest identified nine employees located in Colorado, Nebraska, and Arizona. Verizon identified nine employees with, six of which live or work within the Eastern District of Texas. AT&T identified ten employees, four of which are located in the Eastern District of Texas. None of Defendants' employees are within 100 miles of Marshall, but many are within 100 miles of Dallas. With respect to the party witnesses, the Northern District of Texas, Dallas Division would be more convenient. Although the convenience of party witnesses is given less weight relative to the convenience of non-party witnesses, *see Sanofi-Aventis v. Genentech, Inc.*, 607 F. Supp. 2d 769, 778 (E.D. Tex. 2009), the convenience of the parties' witnesses favors transfer whereas convenience to non-party witnesses is neutral. Therefore, taking all witnesses and parties into consideration, this factor weighs in favor of transfer.

---

[1] For purposes of this case, the Court may assume, *arguendo*, that Plaintiff's location in Marshall does not weigh in favor of transfer. The Court's familiarity with the patents ultimately counsels it to deny the motion to transfer.

### b. The Availability and Location of Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in § 1404(a) analysis. *See id.*

Defendants, and presumably much of their evidence, are located in the Dallas suburbs, Colorado, and New Jersey. All of Plaintiff's evidence is located in Marshall. Much of it has been here for roughly five years, a result of a prior lawsuit brought in this Court. *C.f. In re Hoffman la Roche*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (overruling a district court's denial of transfer where the plaintiff moved 75,000 pages of documents to counsels' office in original forum). Relevant evidence, much like the witnesses, is located nationally with no single location providing a substantial amount of evidence relative to the other locations. Defendants have not shown that any of the evidence located outside of Marshall cannot be produced electronically, or that otherwise transporting the physical evidence to Marshall, Texas would pose an additional inconvenience.[2] Defendants argue that testing facilities and labs within the Dallas suburbs are an example of evidence that cannot be transported. The Court does not see how that evidence is particularly relevant to the transfer analysis because, even if the case were relocated to Dallas, the testing facilities and labs themselves would not be transported to the courthouse there. The Court finds that Defendants have not shown that this factor weighs in favor of transfer and it is therefore neutral.

---

[2] The *TS Tech* Court emphasized the physical nature of the evidence at issue and that such evidence, including actual physical objects, would be more easily transported to Ohio. *Odom v. Microsoft Corp.*, F. Supp. 2d 995, 1000 (E.D. Tex. Jan 30, 2009) (citing *In re TS Tech*, 551 F.3d at 1321).

### c. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness' attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316. Defendants have conceded that this factor is neutral.

### d. The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir.2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

## B. Public Interest Factors

### a. The Administrative Difficulties Caused by Court Congestion

Defendants have conceded that this factor is neutral.

### b. The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Defendants argue that Marshall has no connection to this lawsuit. The Court assumes, *arguendo*, that Dallas has a stronger connection to the lawsuit. What counsels the Court to deny transfer is the experience the Court has had with this patent. Dallas

6

has a connection to the lawsuit, as well, in light of the fact that two of the Verizon defendants have a principal place of business in the Dallas suburbs. Neither venue has a greater interest in this dispute, which makes this factor neutral as to transfer.

### c. The Familiarity of the Forum with the Law that will Govern the Case

Defendants concede that this factor is neutral as to transfer.

### d. The Avoidance of Unnecessary Problems in Conflict of Laws

The Court finds that this factor is inapplicable in this transfer analysis.

### e. Judicial Economy

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); *Volkswagen II*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has found that the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted); *see also In Re Volkswagen*, 566 F.3d 1349 (Fed. Cir. 2009) (finding that "judicial economy is served by having the same district court try the cases involving the same patents"). This Court previously adjudicated a lawsuit involving the same patents with the same plaintiff. *See Red River Fiber Optic Corp. v. Level 3 Comm'ns Inc.*, 2:01-cv-208 (E.D. Tex.). In that prior case, this Court construed twenty-five patent terms. Defendants argue that reexamination proceedings might result in different constructions for those.

To support their argument, they point to only one term that may have been affected by the reexamination. Claim construction requires a court to develop an in-depth understanding of the patented technology, which reexamination does not change. This Court has already performed much of the heavy lifting involved in claim construction and the interests of justice weigh heavily against transfer.

### III.    Conclusion

For the reasons stated above, Defendants have failed to satisfy their burden of showing good cause that a transfer is clearly more convenient in this case. The Court finds that the competing factors do not justify a transfer. Accordingly, Defendants' motion is DENIED.

SIGNED this 23rd day of March, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE