# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| RED RIVER FIBER OPTIC CORP., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. 2:08-CV-215-TJW-CE | |
| VERIZON SERVICES CORP., VERIZON § | | |
| BUSINESS NETWORK SERVICES INC., § | | |
| VERIZON ENTERPRISE DELIVERY LLC, § | | |
| AT&T CORP., QWEST CORP., AND § | | |
| QWEST COMMUNICATIONS CORP., § | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Reconsideration and Objections to Magistrate's March 23, 2010 Order. [Dkt. No. 171] Defendants' argue that Judge Everingham erroneously gave undue weight to judicial economy in his transfer analysis. Motion at 171. After careful consideration of the parties' written submissions, Plaintiff's motion is DENIED.

Within fourteen days after an order, a party can file written objections to the order setting forth the bases therefore. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1). The district judge will set aside any order that it finds that he finds to be "clearly erroneous or contrary to law." *Id.*

Defendants have timely filed an objection to Judge Everingham's order denying transfer, contending that Judge Everingham's refusal to transfer this case to the Northern District of Texas was clearly erroneous because he overvalued the benefits to be gained from the Court's prior experience with the plaintiff, the patent-in-suit, and the technology. According to Defendants, the Court's prior experience with the patent-in-suit is of minimal benefit because it entered its *Markman* order seven years ago and four years prior to the issuance of a Reexamination Certificate

for this patent. Motion at 2.

The Court finds that Judge Everingham's order denying transfer is not clearly erroneous. Even though the Patent and Trademark Office has issued a Reexamination Certificate, it was not clear error for Judge Everingham to conclude that there would be an overlap of issues for claim construction allowing the Court to take advantage of the built-in efficiencies that result from having the same Court hearing related cases. *See In re Vtech Comm's*, No. 5:07-CV-00171, 2010 WL 46332, at *2 (Fed. Cir. Jan. 6, 2010). If the Court were to transfer the case now, not only would those built-in efficiencies be wasted, the past two years of litigation before this Court will have to be duplicated. *See Novartis Vaccines & Diags., Inc. v. Wyeth*, 2:08-cv-67, 2010 WL 1374806, at *5 (E.D. Tex. Mar. 31, 2010) (denying transfer where significant litigation resources were already expended). Contrary to Defendants' position, as Defendants' employees are in the Eastern District of Texas, this is not a situation where the only apparent connection with this forum is another related case. *Cf. In re Zimmer Holdings, Inc.* 2010 WL 2553580, at *4 (Fed. Cir. June 24, 2010).

It is SO ORDERED.

SIGNED this 3rd day of August, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE